FILED
IN CLERK'S OFFICE

[date stamp]

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| ELECTRICAL CONTRACTORS, INC. ) | CIVIL ACTION NO. |
|     Plaintiff ) | 05-30105-MAP |
| v. ) | |
| ) | |
| BARGMANN, HENDRIE + ARCHETYPE, INC.; ) | |
| GWATHMEY SIEGEL & ASSOCIATES ARCHITECTS, LLC.;) | |
| & SCENIC TECHNOLOGIES, ) | |
| a division of PRODUCTION RESOURCE GROUP, LLC ) | |
|     Defendants ) | APRIL 27, 2005 |

## COMPLAINT

1. JURISDICTION & PARTIES:

    1.    ECI brings this action against the defendants, Bargmann, Hendrie + Archetype, Inc. (hereinafter "BHA"); Gwathmey Siegel & Associates Architects, LLC. (hereinafter "GSA"); and Scenic Technologies a division of Production Resource Group, LLC (hereinafter "Scenic"), as a result of actions, errors and omissions taken by them in regard to a municipal construction project located in Springfield, Massachusetts known as the "Naismith Memorial Basketball Hall of Fame" (hereinafter "the Project").

    2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332. This Court has original jurisdiction over the above-captioned action inasmuch as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

3. Pursuant to 28 U.S.C. §1391, venue is appropriate in the District of Massachusetts because the events and omissions giving rise to the claim occurred principally in Massachusetts and in regard to the Basketball Hall of Fame Project.

4. The plaintiff, ECI, is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

5. The defendant, BHA, is a Massachusetts corporation with a principal place of business located at 470 Atlantic Avenue, Boston, MA 02210.

6. The defendant, GSA, is a New York limited liability company with a principal place of business located at 475 Tenth Avenue, NY, NY 10018.

7. The defendant, Scenic, is the successor in interest to Harris Production Services ("HPS"), and is a division of Production Resource Group, LLC (hereinafter "HPS"), a Delaware limited liability company with a principal place of business located at 539 Temple Hill Road, New Windsor, NY 12553.

II. STATEMENT OF THE CLAIMS:

FIRST COUNT (Restraint of Trade)

8. GSA, BHA, and HPS (Scenic) (hereinafter collectively referred to as "the Architect"), as joint venturers, entered into a contract in September 1997 with the City of Springfield (hereinafter "the City"), a Massachusetts municipal corporation, to provide design

2

and construction administration services for the Hall of Fame Project. The Architect provided such services from 1997--2003, when the Project was completed.

9. By written contract dated July 25, 2000, following a competitive public bid per Mass.G.L. c.30, §39M, Peabody Construction Co., Inc. (hereinafter "Peabody"), a Massachusetts corporation, as general contractor entered into a contract with the City, as the owner/awarding authority, for the construction of the Hall of Fame Project. The original amount of the general contract was $32,652,595.00; with approved change orders to date, the adjusted contract amount is approximately $34,700,000.00.

10. By written contract dated July 21, 2000, ECI entered into a subcontract with Peabody whereby ECI, as the filed electrical subcontractor, agreed to perform the electrical work for the Hall of Fame Project. The original subcontract amount was $4,138,810.00; with approved change orders, the adjusted subcontract amount is approximately $4,740,111.50.

11. The contract start date for ECI's work was on or about July 21, 2000, with 570 calendar days allotted for a completion date of February 10, 2002.

12. Due to acts, errors, and omissions of the Architect and other events that were beyond the control of ECI, as more particularly described herein, plaintiff was unable to substantially complete its work until on or about July 31, 2002, and could not complete all of its work until approximately October 25, 2002. In total, ECI's work took approximately 741 calendar days for completion.

3

13. The Project specifications and plans were developed by the Architect, and its consultants, and were furnished to ECI for purposes of bidding and performing the electrical work on the Project.

14. The Project specifications and plans were made part of the subcontract between ECI and Peabody.

15. The Project specifications and plans were subject to the requirements and provisions of Mass.G.L.c.30, §39M.

16. The Architect, and its consultants, administered the contract documents throughout the course of the Project in regard to ECI's performance of its work.

17. In §2.27, ¶AD, at pp. 16000-92 & 93, the specifications require, in part, the following:

> 1. LED-based lighting fixtures to use Chromacore™ Technology, shall be of one manufacturer to insure compatibility. It shall be manufactured by Color Kinetics, Inc. or an approved equal.

18. The specifications for the LED-based lighting fixtures were in fact an illegal "proprietary" specification that violated the provisions of Mass.G.L. c.30, §39M(b), including but not limited to the following:

   (a) The specifications were not written so as to provide for full competition for each item of material to be furnished under the contract;

   (b) The specifications failed to provide for either a minimum of three named brands of material or a description of material which can be met by a minimum of three manufacturers;

4

(c) The specifications failed to provide sufficient information by which the electrical subcontractor could submit and procure an "equal" product, as defined under the statute;

(d) The Architect and the awarding authority failed to provide sound reasons in the public interest, stated in writing in its public records after reasonable investigation, for failing to adhere to the statutory prescriptions.

19. Throughout performing its work on the Project, ECI complained to the Architect, Peabody, and the City that the listed manufacturer for the LED lighting, Color Kinetics, was creating problems in procurement and performance, was delaying completion of the work, and was imposing demands at variance with the contract specifications. ECI specifically requested that it be allowed to pursue alternate manufacturers of these products that could accomplish the same design intent.

20. ECI was instructed by Peabody and the Architect, in no uncertain terms, that no substitution for the Color Kinetics products would be entertained, and that any such attempt by ECI would be summarily rejected.

21. As a result, ECI was forced to purchase the LED lighting from Color Kinetics, through its distributor and sole manufacturer's representative, at a substantially increased price from what it would have cost ECI to either procure a comparable product from another manufacturer, or what it would have cost to purchase the same Color Kinetics system if there had been open competition on these items.

5

22. Additionally, ECI was forced to perform design functions for the Color Kinetics system, delay other aspects of its work, and perform additional hours of work due to deficiencies in the Color Kinetics design and performance.

23. As a further result of the illegal "proprietary" specification for the Color Kinetics products, and the Architect's administration of the contract, the manufacturer's representative for this product was enabled and permitted to act as a sole source of procurement for the product, and to also refuse to break out separate pricing for the Color Kinetics product apart from the entire lighting fixture package, which included dozens of other products as well. In essence, as a result of the foregoing, all of the light fixtures specified for the Project were subject to an illegal, sole source procurement mechanism through the factory representative for Color Kinetics, thereby causing ECI to unnecessarily expend hundreds of thousands additional dollars to purchase the fixtures.

24. In other sections of Division 16 of the specifications, and in the contract electrical plans, involving other light fixtures and electrical materials required under the ECI subcontract, the specifications and plans also violated the provisions of Mass.G.L.c.30, §39M(b) in one or more of the ways listed in ¶17 above.

25. ECI likewise was instructed throughout the course of the Project by the Architect, and by the Architect's consultants, that substitutions would not be allowed on numerous electrical items, and in fact many of ECI's attempts to provide products listed as

acceptable in the contract specifications, or other "equal" products, were wrongfully rejected by the Architect, and its consultants, throughout the course of the Project.

26. In many instances, when ECI attempted to submit and purchase items that had been explicitly listed in the specifications and plans, these items were wrongfully rejected by the Architect, and its consultants, because they were not the "first" listed or "preferred" item.

27. Moreover, in many instances the Architect forced ECI to provide additional features to the lighting fixtures that were not called for in the contract specifications or plans.

28. On other occasions, the Architect, and its consultants, actively interfered with ECI's ability to procure products for the Project by contacting suppliers and manufacturer's representatives and discouraging them from providing their products for ECI's use on the Project.

29. As a result of the foregoing, ECI incurred additional costs of procuring and providing the lighting fixtures for the Project in the amount of approximately $396,902.00, as well as experiencing costly delays and incurring additional labor and administrative costs of approximately $50,000.00 in performing its work.

30. The Architect, and its consultants, were engaged in trade or commerce when they committed the foregoing acts, errors, and omissions, and conspired with one another, and with their own favored vendors and suppliers, for the purposes of illegally imposing proprietary specifications and sole source procurement requirements for the electrical fixtures and appurtenances on the Hall of Fame Project. These acts were taken knowingly in restraint of

trade and commerce and for the express purpose of restricting and discouraging competition as to supplying electrical products for the Project, and hindering ECI's ability to perform its work in an economical and expeditious fashion.

31. The Architect's acts, errors, and omissions as aforesaid were undertaken in violation of Mass.Gen.L. c.93, §§4 & 6.

SECOND COUNT (Unfair Trade Practices):

8-31. The allegations contained in paragraphs 8 through 31 of the First Count are hereby incorporated herein as paragraphs 8 through 31 of this Second Count as if fully set forth herein.

32. The foregoing acts, errors, and omissions of the Architect were willful and knowing, were unfair and deceptive, and unlawful, and imposed unfair methods of competition upon ECI in regard to the Hall of Fame Project, in violation of Mass.Gen.L. c.93a, §2.

33. ECI has suffered damages as aforesaid during the conduct of trade or commerce in performing its work on the Hall of Fame Project.

IV.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests the following relief:

1. Under the First Count, money damages, treble damages, interest, costs, and reasonable attorney's fees, as per Mass.G.L. c. 93, §12;

2. Under the Second Count, money damages, treble damages, interest, costs, and reasonable attorney's fees, as per Mass.G.L. c. 93a, §11;

3. Such further relief at law or equity as this Court deems just and proper.

Dated at Hartford, Connecticut this 27th day of April, 2005.

PLAINTIFF, ELECTRICAL CONTRACTORS, INC.

By: _____
Christopher W. Huck
BBO #567259
Steven B. Kaplan
Federal Bar # CT 06366
Michelson, Kane, Royster & Barger, P.C.
93 Oak Street
Hartford, CT 06106
Tel:  (860)522-1243
Fax:  (860)548-0194
Email: cwhuck@snet.net
       sbkaplan@snet.net

9

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Electrical Contractors, Inc.
3510 Main Street
Hartford, CT 06120

**DEFENDANTS** (see attached)
Bargmann, Hendrie & Archetype, Inc.
316 Summer ST, Boston, MA 02210

(b) County of Residence of First Listed Plaintiff: Hartford, CT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michelson, Kane, Royster & Barger, P.C.
93 Oak Street, Hartford, CT 06106
(860) 522-1243

Attorneys (If Known)
Kenneth B. Walton
Donovan, Hatem, LLP
2 Seaport Lane
Boston, MA 02110

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC §1332
Brief description of cause: MASS G.L.C. 93, §§4&6
Restraint of trade, Violation of Mass G.L.C. 30§39M(b)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 450,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
Electrical Contractors, Inc. v. Peabody Construction Co., et al
JUDGE Posner
DOCKET NUMBER 03-30231(MAP)

DATE 4/27/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

OTHER DEFENDANTS:

Gwathmey Siegel & Associates Architects, LLC
475 Tenth Avenue
New York, NY 10018


Scenic Technologies, a Division of Production Resource Group, LLC
539 Temple Hill Raod
New Windsor, NY 12553

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Electrical Contractors, Inc. v. Bergmann, Hendrie & Archetype, Inc. et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [X] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __Electrical Contractors, Inc. v. Peabody Construction Co. et al, #03-30231(MAP)__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]    NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]    NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [X]    NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]    NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Christopher W. Huck & Steven B. Kaplan__
ADDRESS __93 Oak Street, Hartford, CT 06106__
TELEPHONE NO. __(860) 522-1243__

(CategoryForm.wpd - 2/15/05)