UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30105-KPN

|  |  |
|---|---|
| ELECTRICAL CONTRACTORS, INC.<br>Plaintiff,<br><br>v.<br><br>BARGMANN, HENDRIE & ARCHETYPE, INC.,<br>GWATHMEY, SIEGEL ASSOCIATES ARCHITECTS,<br>LLC, AND SCENIC TECHNOLOGIES a division<br>of PRODUCTION RESOURCE GROUP, LLC<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS, BARGMANN, HENDRIE & ARCHETYPE, INC. AND GWATHMEY SIEGEL ASSOCIATES ARCHITECTS, LLC'S AND SCENIC TECHNOLOGIES ANWER TO THE COMPLAINT

The defendants, Bargmann, Hendrie & Archetype, Inc. and Gwathmey Siegel Associates Architects, LLC file this Answer to the Plaintiff's Complaint.

### JURISDICTION AND PARTIES

1. The Defendants, Bargmann, Hendrie & Archetype, Inc., Gwathmey Siegel Associates Architects, LLC and Scenic Technologies (hereinafter "the defendants") admit they worked on a construction project located in Springfield, Massachusetts known as the "Naismith Memorial Basketball Hall of Fame but deny the remaining allegations contained in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint calls for a legal conclusion to which no response from the defendants is necessary.

3. Paragraph 3 of the Complaint calls for a legal conclusion to which no response from the defendants is necessary.

4. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. The Defendants admit Bargmann, Hendrie & Archetype, Inc. is a Massachusetts corporation but denies the remaining allegations contained in paragraph 5 of the Complaint.

6. The Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. The Defendants admit the allegations contained in paragraph 7 of the Complaint.

## COUNT I

8. The allegations in paragraph 8 of the Complaint purport to describe a document which speaks for itself. The defendants deny the allegations made in this paragraph to the extent that it goes beyond or is inconsistent with that document. The defendants further state that the label ("Architect") is relevant only to the agreement between the joint venture and the City of Springfield dated September 1, 1997.

9. The allegations in paragraph 9 of the Complaint purport to describe a document which speaks for itself. The defendants deny the allegations made in this paragraph to the extent that it goes beyond or is inconsistent with that document.

10. The allegations in paragraph 10 of the Complaint purport to describe a document which speaks for itself. The defendants deny the allegations made in this paragraph to the extent that it goes beyond or is inconsistent with that document.

11. The allegations in paragraph 11 of the Complaint purport to describe a document which speaks for itself. The defendants deny the allegations made in this paragraph to the extent that it goes beyond or is inconsistent with that document.

12. The Defendants admit the Plaintiff took approximately 741 calendar days to complete its work but deny the remaining allegations contained in paragraph 12 of the Complaint.

13. The Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. The Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. The Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. The Defendants do not understand what the Plaintiff means by "administered the contract documents" as stated in paragraph 16 of the Complaint and therefore are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. The allegations in paragraph 17 of the Complaint purport to describe a document which speaks for itself. The defendants deny the allegations made in this paragraph to the extent that it goes beyond or is inconsistent with that document.

18. The Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. The Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. The Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. The Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. The Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. The Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. The allegations in paragraph 24 of the Complaint purport to describe a document which speaks for itself. The defendants deny the allegations made in this paragraph to the extent that it goes beyond or is inconsistent with that document.

25. The Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. The Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. The Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. The Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. The Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. The Defendants deny the allegations contained in paragraph 31 of the Complaint.

## COUNT II

8-31   The Defendants repeat and reassert its answers to paragraphs 1 through 31 of the Complaint and incorporates those answers as if fully set forth in response to the allegations contained in paragraph 32 of the Complaint.

32. The Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint but deny any part of these allegations for which the Plaintiff is claiming the defendants are responsible.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' Claims are barred by waiver.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' Claims are barred by the economic loss doctrine.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' Claims are barred by the doctrine of betterments.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' Claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damage as alleged in the Complaint those damages were caused by the acts of a third-person or third-persons over whom the Defendants had no control.

### SEVENETH AFFIRMATIVE DEFENSE

The Plaintiff can not recover against Defendants because the Plaintiff failed to mitigate its damages.

### EIGHTH AFFIRMATIVE DEFENSE

If the Plaintiff was damage as alleged which defendants deny, then said damage resulted from Plaintiff's own acts and omissions. Consequently, the Plaintiff's recovery must be reduced proportionate to the Plaintiff's contributory negligence.

### NINTH AFFIRMATIVE DEFENSE

The claim is barred by the Statute of Limitations.

## JURY DEMAND

The Defendants, Bargmann, Hendrie & Archetype, Inc., Gwathmey Siegel Associates Architects, LLC and Scenic Technologies hereby request a trial by jury on all issues so triable.

Respectfully submitted,
Bargman, Hendrie & Archetype, Inc.,
Gwathmey Siegel Associates Architects, LLC
and Scenic Technologies
By its attorneys,

David J. Hatem, BBO #225700
Kenneth B. Walton, BBO #562174
David H. Corkum, BBO #649439
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02110

Dated: June 7, 2005

## CERTIFICATE OF SERVICE

I, Kenneth B. Walton, hereby certify that on this __7__ day of June 2005, I served a copy of the foregoing pleading by mailing postage pre-paid to:

Attorneys for Electrical Contractors, Inc.
Christopher W. Huck, Esq.
Steven B. Kaplan, Esq.
Michelson, Kane, Royster & Barger, P.C.
93 Oak Street
Hartford CT 06106

/s/ Kenneth B. Walton
Kenneth B. Walton

000918334